**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND, LTD., PWCM MASTER FUND LTD., PENTWATER CAPITAL MANAGEMENT L.P., and MATTHEW C. HALBOWER, | ) | |
| Plaintiffs, | ) | No. 1:15-cv-1885 |
| v. | ) | |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., | ) | |
| Defendant. | ) | |

# NOTICE OF REMOVAL

Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Baker"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes to the United States District Court for the Northern District of Illinois the above-captioned matter, which was commenced in the Circuit Court of Cook County, Illinois, as Case No. 2015 CH 1761. This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(3). In support of its Notice of Removal, Baker states the following:

## I. BACKGROUND

1. On February 2, 2015, Plaintiffs Pentwater Equity Opportunities Master Fund, Ltd., PWCM Master Fund Ltd. (collectively, "Funds"), Pentwater Capital Management L.P. ("Pentwater"), and Matthew C. Halbower commenced an action in Illinois state court styled *Pentwater Equity Opportunities Master Fund, Ltd., PWCM Master Fund Ltd., Pentwater Capital Management L.P., and Matthew C. Halbower v. Baker, Donelson, Bearman, Caldwell &*

*Berkowitz, P.C.*, No. 2015 CH 1761. (A true and correct copy of the complaint and the state court record available as of this filing is attached hereto as Exhibit A.)

2. On February 3, 2015, Plaintiffs served the complaint and summons on Baker in Memphis, Tennessee.

3. Baker has not yet filed an answer or other pleading in response to the complaint.

4. Plaintiffs' four-count complaint seeks a declaratory judgment, monetary damages, and fees based on claims for fraudulent inducement, fraudulent misrepresentation, and fraudulent concealment. (Ex. A, Compl. ¶¶ 36-60). As background, the Funds entered into a credit agreement with non-party American Standard Energy Corporation ("ASEN"), whereby the Funds loaned ASEN in excess of $46 million. ASEN was represented by Baker in this transaction. (*Id.* ¶¶ 1, 10-11, 13.) As part of the agreement, Plaintiffs allege, ASEN and Baker agreed that ASEN would repay part of its obligation to the Funds before it paid to Baker certain fees for legal services. (*Id.* ¶¶ 1, 14-15.) Plaintiffs allege that, before the Funds closed the credit agreement, ASEN and Baker provided Pentwater and the Funds with an acceptable subordination agreement between ASEN and Baker, but that ASEN and Baker ultimately entered into a different, unacceptable agreement that Pentwater and the Funds did not discover until January 2015. (*Id.* ¶¶ 1, 19, 21-23.) Thereafter, Pentwater and the Funds sought to stop ASEN from paying any legal fees to Baker. (*Id.* ¶ 31.) Plaintiffs allege that Baker then threatened to sue Plaintiffs for tortious interference because Plaintiffs insisted that ASEN not pay fees due to Baker. (*Id.* ¶ 33.)

5. Plaintiffs' declaratory judgment claim seeks an order that (1) pursuant to the credit agreement and First Letter Agreement, Baker is not entitled to any payment from ASEN until ASEN has paid to Plaintiffs at least $20 million to repay debt owed based on the credit

agreement, (2) no Plaintiff is liable for tortious interference with a contract, and (c) other such relief as the court deems just and proper. (*Id.* ¶¶ 36-40.) Plaintiffs' other claims relate to the background facts as set forth above. (*Id.* ¶¶ 41-60.)

## II. REMOVAL IS TIMELY

6. Plaintiffs served Baker on February 3, 2015. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

## III. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(A)(3)

7. This Court has subject matter jurisdiction over all cases where the amount in controversy exceeds the sum or value of $75,000, and is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

8. As demonstrated below, this Court has subject matter jurisdiction over this action, and removal is proper, because the requirements of 28 U.S.C. § 1332 are satisfied by Plaintiffs' allegations.

### A. There is diversity of citizenship

9. Plaintiffs allege that they are citizens of a foreign state (Pentwater Equity Opportunities Master Fund, Ltd. and PWCM Master Fund Ltd.) (Ex. A, Compl. ¶¶ 1-2); Delaware (Pentwater Capital Management L.P.) (*Id.* ¶¶ 1, 3), and Illinois (Pentwater Capital Management L.P. and Halbower) (*Id.* ¶¶ 3, 4).[1]

10. Baker is a professional corporation and is a citizen of Tennessee. (*Id.* ¶ 5.)

11. Accordingly, Plaintiffs' allegations establish that Plaintiffs are each citizens of a state different from that of Defendant.

[1] Although not alleged, Pentwater Capital Management L.P. is a limited partnership and thus may also be a citizen of Minnesota and London based on the citizenship of its satellite offices. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).

**B. The amount in controversy exceeds $75,000**

12. Under 28 U.S.C. § 1332, the amount in controversy includes all damages available to Plaintiffs, including compensatory damages, punitive damages, and attorneys' fees. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006). The amount in controversy excludes only "interest and costs."

13. In this case, Plaintiffs seek damages well in excess of $75,000.

14. Plaintiffs seek a declaratory judgment that Baker is not entitled to any payment from ASEN until ASEN receives at least $20 million in proceeds and pays at least $20 million to Pentwater, and that no plaintiff is liable for tortious interference with contract. (Ex. A, Compl. ¶ 36-40.)

15. Plaintiffs also seek "(a) money damages amounting to the difference between the $46,350,000 that the Funds lent to ASEN and the amount that the Funds eventually recover from ASEN, (b) the attorneys' fees and other expenses incurred . . . , [and] (c) punitive damages." (*Id.*, request for relief Counts II – IV.)

16. As of the date of the complaint, plaintiffs allege they have received $12,365,298.63 from ASEN. (*Id.* ¶ 32.) Plaintiffs further allege that ASEN is "a financially distressed company," and that "it is likely that ASEN will be unable to repay the loans made to it by the Funds and that ASEN will be required to file for bankruptcy protection." (*Id.* ¶¶ 15, 48.)

**IV. WRITTEN NOTICE OF REMOVAL**

17. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted to the Clerk of the Circuit Court of Cook County, Illinois, and is being served on counsel of record for plaintiffs.

## V. NO WAIVER

18. Neither the filing of this Notice of Removal nor any assumptions made herein shall operate as a waiver of any defenses (including, but not limited to, lack of personal jurisdiction) otherwise available to Baker or constitute any admission by it to any of Plaintiffs' complaint allegations.

WHEREFORE, based on the foregoing, Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. respectfully removes this case to the United States District Court for the Northern District of Illinois.

March 3, 2015

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: s/John R. Storino
One of its attorneys

John R. Storino
Christopher G. Wells
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 840-8683
(312) 840-7711 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2015, I caused the foregoing Notice of Removal to be served on the following via hand delivery:

Blake T. Hannafan
James A. McGuinness
Hannafan & Hannafan, Ltd.
One East Wacker Dr., Suite 2800
Chicago, IL 60601
312-527-0055
312-527-0220 (fax)

COUNSEL FOR PLAINTIFFS

/s/ Christopher G. Wells
Christopher G. Wells