# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND, LTD., PWCM MASTER FUND LTD., PENTWATER CAPITAL MANAGEMENT L.P., and MATTHEW HALBOWER, | ) ) ) ) ) ) ) | No. 15-cv-1885 Judge Robert M. Dow, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER AND OPINION

This matter is before the Court on Plaintiffs' motion for relief from judgment from the Court's February 5, 2016 order [41] granting Defendant's motion to dismiss for lack of personal jurisdiction. In that order, the Court concluded that it did not have specific personal jurisdiction over Defendant and closed the case; however, the Court did not consider, in the alternative, whether it could exercise general personal jurisdiction over Defendant based on its contacts with the State of Illinois. Therefore, on February 22, 2016, the Court entered an order [46] reopening the case to allow the parties to present their arguments concerning whether Plaintiffs should be allowed to conduct discovery on the limited issue of general personal jurisdiction. Having fully considering the parties briefs and supporting documentation, see [21], [26], [43], [47], and [48], the Court concludes that Plaintiffs have failed to make a *prima facie* showing that the Court has general personal jurisdiction over Defendant and therefore are not entitled to conduct discovery on the limited issue of general personal jurisdiction. Because discovery into general personal

jurisdiction would be futile, and the Court has already determined that it does not have specific personal jurisdiction, the Court dismisses Plaintiffs' complaint for lack of personal jurisdiction over Defendant.

## I. Background

Plaintiffs Pentwater Equity Opportunities Master Fund, PWCM Master Fund Ltd. (collectively, the "Funds"), Pentwater Capital Management L.P. ("Pentwater") and Matthew Halbower ("Halbower") bring suit against Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. ("Defendant") for declaratory relief, fraudulent inducement, fraudulent misrepresentation, and fraudulent concealment. The background of this case is set forth in the Court's February 5, 2016 order [41], knowledge of which is assumed here. Any additional relevant facts identified by the parties are discussed in the Court's analysis below.

## II. Legal Standard

For the purposes of the instant motion, the Court accepts as true the factual allegations relevant to jurisdiction made in Plaintiffs' complaint, and draws all reasonable inferences in Plaintiffs' favor. *Cent. States, Se. & Sw. Area Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 878 (7th Cir. 2006). The Court also resolves any disputes concerning relevant facts in Plaintiffs' favor. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). To the extent that Defendant has submitted affidavits opposing jurisdiction or contradicting Plaintiffs' allegations, however, Plaintiffs must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Id.* at 783.

A complaint need not allege personal jurisdiction, but once a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that jurisdiction is proper. *Purdue Res. Found v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Under Seventh

Circuit case law, "it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 2000 WL 1909678, at *3 (7th Cir. 2000). However, the "plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). In other words, a plaintiff seeking jurisdictional discovery must advance "proof to a reasonable probability" of the facts necessary to establish federal jurisdiction. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir. 1996); see also *Indag GmbH & Co. v. IMA S.P.A*, 150 F. Supp. 3d 946, 971 (N.D. Ill. 2015).

"Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). The Court previously concluded that it did not have specific personal jurisdiction over Defendant because Plaintiffs failed to establish that the effects of Defendant's allegedly tortious conduct would be felt in Illinois. In this order, the Court focuses on whether Plaintiffs have made a *prima facie* showing of general personal jurisdiction, such that they should be permitted to take limited discovery to establish jurisdiction. *Reimer*, 230 F.3d at 946.

"A defendant is subject to general jurisdiction when it has 'continuous and systematic general business contacts' with the forum state." *uBID*, 623 F.3d at 425 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16, (1984)). "This is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." *Id.* at 426. "The standard for general jurisdiction is demanding because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged

wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *Id.*

The Supreme Court has recently emphasized that the relevant inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 546 U.S. 915, 919 (2011)). The Court recognized that "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n.20. "Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* This would be improper because "[n]othing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id*. (citing *Int'l Shoe Co. v. State of Wash., Off. of Unempl. Compen. & Placement*, 326 U.S. 310, 326 (1945)). "[A]pprov[ing] the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping" and insufficient to establish general personal jurisdiction. *Id.* at 761. Thus, the general jurisdiction inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id.* at 762 n.20.

## III. Analysis

Applying the standards set forth above, the Court concludes that Plaintiffs have failed to make a *prima facie* showing that Illinois courts may exercise general jurisdiction over Defendant and therefore are not entitled to conduct discovery before their complaint is dismissed. *Reimer*,

230 F.3d at 946. Plaintiffs improperly frame their analysis to focus solely on Defendant's contacts with Illinois. But as *Daimler* makes clear, the proper inquiry requires appraisal of Defendant's activities in their entirety. *Daimler*, 134 S. Ct. at 762 n.20. Plaintiffs fail to even acknowledge *Daimler* in their briefs. When the relevant inquiry is properly framed, it is apparent that Plaintiffs have not made a *prima facie* showing that courts in Illinois may exercise general personal jurisdiction over Defendant.

Defendant is headquartered in Tennessee and has twenty offices in eight U.S. states, plus Washington D.C. and London, England. But, according to the declaration of Defendant's Assistant General Counsel John Hicks ("Hicks"), Defendant has no offices, owns no real property, and maintains no bank accounts in Illinois. Defendant does not pay, nor is it required to pay, any income or property taxes in Illinois. Of Defendant's 693 attorneys and advisors, only four have active Illinois law licenses. None of those four attorneys resides in or has an office in Illinois. In the past three years, only nineteen of Defendant's attorneys have entered appearances in state or federal court in Illinois, and five of those nineteen attorneys have not actually participated in ligation in Illinois.

Even assuming, as Plaintiffs seek discovery to establish, that Defendant has performed substantial additional transactional work for Illinois clients, has solicited or is soliciting business from Illinois clients,[1] has sponsored and solicited clients to attend a drug company's seminar in Illinois, and represents a number of Fortune 100 or Fortune 1000 companies that are located in

---

[1] The Court is not persuaded by Plaintiffs' argument that, "[i]f Defendant actively solicited business in Illinois, which it clearly has done, this alone can satisfy the standard that it 'purposefully avails itself of the privilege of conducting activities' in Illinois." [48] at 6 (citing *Madison Consulting Group v. State of S.C.*, 752 F.2d 1193, 1202-03, 1219 (7th Cir. 1985)). *Madison* was decided decades before *Daimler*, which is controlling, and *Madison* involved specific personal jurisdiction and the purposeful availment test, not general jurisdiction. See *Madison*, 752 F.2d at 1202 ("The question of which party *initiated or solicited a business transaction* has long been considered pertinent to the constitutional propriety of personal jurisdiction *in a suit arising out of the transaction*." (emphasis added)).

Illinois, these contacts would not bring the sum total of Defendant's Illinois activities to the level required to establish general jurisdiction. A comparison to the facts in *Daimler* is instructive. The Supreme Court held that the Ninth Circuit erred by finding that Daimler, with its subsidiary MBUSA's contacts attributed to it, was "at home in California." *Daimler*, 134 S. Ct. at 760, 762. MBUSA's contacts with California included operating "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine"; being the "largest supplier of luxury vehicles to the California market"; and making sales in California that account for 2.4% of Daimler's total worldwide sales. *Id*. at 752. However, neither Daimler nor MBUSA was incorporated in California or had a principal place of business there. *Id.* at 761. The Court reasoned that if it allowed California to exercise general jurisdiction over Daimler's Argentina-based lawsuit, "the same global reach would presumably be available in every other State in which MBUSA's sales are sizable." *Id*. The Court concluded that this "exorbitant exercise[] of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit,'" and therefore would offend due process. *Id*. at 761-62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Defendant's contacts with Illinois are more minimal than Daimler/MBUSA's contacts with California, which were themselves found insufficient to establish general jurisdiction. Defendant has no offices at all in Illinois; there is no evidence or suggestion that Defendant is a significant supplier of legal services to the Illinois market; and there is no evidence or suggestion that Defendant's Illinois activities account for a substantial share of its profits (and Hicks' declaration that Defendant does not pay and is not required to pay Illinois income or property taxes suggests the opposite). If Defendant's contacts with Illinois—including both those that are

established and those on which Plaintiffs seek discovery—were found sufficient to allow Illinois courts to exercise general jurisdiction over any lawsuit in which Defendant is named a party, then Defendant could also be subject to suit in any other state in which it performs a substantial amount of legal work for clients. As *Daimler* made clear, this would be an "exorbitant" exercise of general jurisdiction that would not permit Defendant, or any similar national law firm in its position, to have any assurance about where its practice of law would or would not render Defendant liable to suit, and therefore would not comply with the requirements of due process. 134 S. Ct. at 762.

Not surprisingly, the post-*Daimler* cases in our Circuit support the conclusion that the requisite *prima facie* case is lacking here. See, *e.g.*, *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (Wisconsin ski resort operator was not subject to general personal jurisdiction in Illinois in Illinois skier's action to recover for injuries he sustained while attempting to board chairlift, even though operator attended trade show in Illinois each year, maintained website accessible by Illinois residents, offered "Chicagoland Express" package, and had substantial percentage of its customers from Illinois, where website was mostly informative and did not allow customers to purchase lift tickets, operator did not maintain Illinois office, had no employees in Illinois, was not registered to do business in Illinois, did not advertise in Illinois, and "Chicagoland Express" package was not restricted to Illinois residents); *Patera v. Bartlett*, 2016 WL 773225, at *2 (N.D. Ill. Feb. 29, 2016) (concluding based on *Daimler* that the court did not have general personal jurisdiction over Citibank defendants, even though plaintiff contended that "Citibank has employees and offices in Illinois, they operate under Illinois licensing requirements, they solicit Illinois residents, they conduct extensive and deliberate business in Illinois and their regional hub is located in Chicago," where plaintiff made no allegations as to

the City Defendants' "activities in their entirety"); *Demaria v. Nissan N.A., Inc.*, 2016 WL 374145, at *6 (N.D. Ill. Feb. 1, 2016) (concluding that, under *Daimler*, plaintiff's allegations that defendant "intentionally avails itself of the markets within Illinois through promotion, sale, marketing and distribution of its vehicles" were insufficient to "establish that this is 'one of those rare situations' where the exercise of [general personal] jurisdiction is justified" (quoting *Kipp*, 783 F.3d at 699)).

## IV. Conclusion

For these reasons, the Court concludes that Plaintiffs have failed to make a *prima facie* showing that the Court has general personal jurisdiction over Defendant and therefore are not entitled to conduct discovery on the limited issue of general personal jurisdiction. Because discovery into general personal jurisdiction would be futile, and the Court has already determined that it does not have specific personal jurisdiction, the Court dismisses Plaintiffs' complaint for lack of personal jurisdiction over Defendant.

Dated: November 2, 2016

_____
Robert M. Dow, Jr.
United States District Judge